

**FILED**
October 13, 2021 08:37 AM
ST-2020-SM-00122
TAMARA CHARLES
CLERK OF THE COURT

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| NORMAN AGNESS, <br><br>                       **Plaintiff,** <br><br> v. <br><br> FURNITURE PLUS, <br><br>                    **Defendant.** | **ST-2020-SM-00122** <br><br> **ACTION FOR DEBT/DAMAGES-SMALL CLAIMS** |

**Cite as: 2021 VI Super 104**

## MEMORANDUM DECISION AND ORDER

¶1     **THIS MATTER** is before the Court on a Motion to Set Aside Default Judgment, submitted by Salem Zuhdi, representative for Defendant, on August 30, 2021. Defendant states that the default judgment entered against it at hearing on August 5, 2021 should be set aside because Defendant had good cause to be absent and had submitted a request for continuance three days before the hearing, which the Court denied at same hearing. Upon review of the matter, the Court will deny Defendant's Motion and will allow for the prompt execution of the Writ of Execution currently pending in this matter, as explained below.

### BACKGROUND

¶2     Plaintiff filed his Complaint in this matter on July 13, 2020, alleging that Defendant Furniture Plus had delivered damaged furniture after Plaintiff purchased a bedroom set from Defendant on December 9, 2019. Specifically, Plaintiff claimed that Defendant delivered a cracked dresser and a bed frame containing a mismatched and ill-fitting drawer. After Plaintiff made a complaint about the damaged items, Defendant inspected the furniture at Plaintiff's home on December 12, 2019 and agreed to remedy the problem, removing the bed frame drawer and stating that the correct drawer had been ordered and would be delivered by the end of January 2020. Despite multiple attempts to contact Defendant about delivering the correct, undamaged replacement furniture, Plaintiff was unable to receive any response from Defendant up to the date of filing the matter on July 13, 2020. His claim was for $5,700, the total amount he paid for the bedroom set.

¶3     Due to court closures as a result of the COVID-19 pandemic, the matter did not come on for trial until March 24, 2021. Salem Zuhdi was properly served with the Summons and Complaint on Defendant's behalf on March 12, 2021. However, on the morning of the hearing, Mr. Zuhdi called the Court and requested a continuance, stating that he had just been required to leave the territory due to a family member's medical emergency. The Court granted said request but told

Defendant telephonically to submit proof of travel to the Court as soon as possible. Plaintiff appeared at the hearing and was ordered to return for hearing on June 2, 2021.

¶4 Defendant was not found for service for the June 2, 2021 hearing or for its June 10, 2021 successor, though Plaintiff appeared at both hearings. The matter was then scheduled for a fourth hearing date on August 5, 2021. Defendant was served through a "Mr. Salem" working at Defendant's business location on July 1, 2021. At the August 5, 2021 hearing, Plaintiff appeared *pro se* but Defendant did not appear, despite being properly served.

¶5 At trial, the Court observed that Salem Zuhdi had sent a letter to the Court on August 2, 2021 requesting a continuance of the matter due to his absence from the territory for medical reasons. The Court denied his Motion for Continuance on the record, noting that it had already granted Defendant an emergency continuance from the earlier March 24, 2021 court date. The Court further observed that Defendant's Motion, submitted three days before the trial date, was untimely under Virgin Islands law, as any motion for continuance must be filed and served not less than seven days prior to the scheduled trial, exclusive of weekends and legal holidays. V.I. R. CIV. P. 6-3(d), 6(a)(1)(B).

¶6 Upon finding that Defendant had been duly served yet failed to appear, the Court entered Defendant's appearance by default and heard the sworn testimony of the Plaintiff. After hearing Plaintiff's testimony and reviewing the documents admitted into evidence, the Court entered its facts of finding and conclusions of law on the record. The Court found in favor of the Plaintiff and against the Defendant in the amount of $5,700 plus $100 in court costs, entering a Judgment ordering same on August 10, 2021. On September 9, 2021, Plaintiff filed a Praecipe with the Court, stating that Defendant had made no payments on the debt, and a Writ of Execution was issued thereon on September 28, 2021. Said Writ remains outstanding.

### DISCUSSION

¶7 Rule 60(b)-(c) of the Virgin Islands Rules of Civil Procedure governs parties' ability to seek relief from judgments, including default judgments:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> > **(1)** mistake, inadvertence, surprise, or excusable neglect;
> > **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> > **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

**(4)** the judgment is void;

**(5)** the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

**(6)** any other reason that justifies relief.

## (c) Timing and Effect of the Motion.

**(1)** *Timing.* A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

**(2)** *Effect on Finality.* The motion does not affect the judgment's finality or suspend its operation.

¶8      In this instance, the Court finds that Defendant's Motion for relief was timely filed under Rule 60(c), as it was received on August 30, 2021, less than three weeks after entry of the Court's Judgment. However, the Court does not find that Defendant has met any of the grounds for relief delineated in Rule 60(b). Defendant's defense is merely that it had a reasonable excuse for neglecting to appear at either of the hearings (on March 24, 2021 and August 5, 2021) for which it was properly served. This argument, therefore, best falls under Rule 60(b)(1): "mistake, inadvertence, surprise, or excusable neglect".

¶9      "In determining whether to set aside a default judgment for excusable neglect under Rule 60(b)(1), the Court considers three factors: '[(1)] whether vacating the default judgment will visit prejudice on the plaintiff, [(2)] whether the defendant has a meritorious defense, and [(3)] whether the default was the result of the defendant's culpable conduct.'" *Bryan v. Bryan*, Super Ct. Civil No. ST-14-CV-316, 2016 V.I. LEXIS 44, at *13 (VI. Super. Ct. Apr. 13, 2016) (internal citation omitted). In the instant matter, the Court finds that none of these three factors weigh in Defendant's favor.

¶10     Under the first factor, granting Defendant's Motion for relief would be particularly prejudicial against Plaintiff in this matter due to the extended length of time the matter has been pending and the number of times Plaintiff has appeared before the Court to present his case. Small claims matters are intended to provide "simple, speedy, and inexpensive" resolutions to civil claims not exceeding $10,000. V.I. SM. CL. R. 1(d). Despite such intent, the instant matter was pending before the Court for over a year before judgment was entered. The delay was partially due to the COVID-19 pandemic, but it was also due to Defendant's failure to appear at multiple hearings, instead making last-minute excuses for its absence and requesting further continuances. Plaintiff appeared before the Court four times over the course of several months and presented a straightforward case supported by ample evidence. The Court finds that to set aside its Judgment at this time would unquestionably visit prejudice upon this particular Plaintiff.

¶11    Under the second factor, Defendant's Motion must have provided some meritorious defense that would support the Court's finding that the Judgment should be set aside.

> To successfully establish a meritorious defense, a defendant must show that the "allegations of [his] answer, if established on trial, would constitute a complete defense to the action." "[A] defendant does not have the right to have a default judgment set aside automatically upon alleging a defense," but must instead "set forth with some specificity the grounds for his defense." The Court must essentially be convinced that "vacating the judgment [would] not be an empty exercise or a futile gesture."

*Banco Popular de Puerto Rico v. Hedrington,* Super Ct. Civil No. ST-17-CV-178, 2019 V.I. LEXIS 72, at *11 (V.I. Super. Ct. March 18, 2019) (internal citations omitted).

¶12    Upon review, the Court can find no meritorious defense provided in Defendant's Motion for relief. No arguments whatsoever are presented on the merits of the matter; rather, Defendant only defends against the entry of judgment in its absence, due to its claim that such absence was excusable. The Court therefore finds the required meritorious defense under the second factor wholly lacking in this matter.

¶13    Finally, under the third factor, the Court finds that the default in this matter was, indeed, a result of Defendant's culpable conduct. Defendant's representative, Salem Zuhdi, was properly served before two of this matter's four court hearings. As stated above, he did not appear at the first, on March 24, 2021, allegedly due to a familial medical emergency, which he only informed the Court of on the morning of the hearing and for which he never submitted any evidence, despite the Court's instruction that he do so. Mr. Zuhdi did not appear at the August 5, 2021 hearing, despite being served over one month beforehand, again due to claims of a familial medical emergency keeping him off-island. When informed by court staff by phone that he could appear telephonically or via videoconference, Mr. Zuhdi claimed that he had left all documents pertaining to the case and his defense on-island and had no way of accessing them.

¶14    The Court simply cannot find Defendant faultless in these excuses. Defendant was made aware of this matter on March 12, 2021, when Mr. Zuhdi was first served with the Complaint and Summons, and thereafter had nearly five months before the final August 5, 2021 hearing to collect documents, make arrangements to appear virtually, have necessary evidence sent electronically to the essential parties, or take any other of various options available to it to ensure that *any* proper representative might appear *either virtually or in-person* before the Court on August 5, 2021. In fact, given the difficulty Court Marshals have had in serving Defendant throughout this matter, reporting that representatives at Furniture Plus's business location repeatedly refused or evaded service, the Court must conclude that Defendant has been actively attempting to avoid judgment

in this matter. The Court therefore finds that default in this action was primarily a result of Defendant's culpable conduct.

¶15     Given the above analysis and findings, the Court concludes that Defendant's Motion to Set Aside Default Judgment has presented no meritorious defense, no excusable neglect, and no other reason for the Court to set aside the Default Judgment entered on August 10, 2021. The Court will therefore deny Defendant's Motion. Additionally, the Court will reiterate that there are no authorized stays of any writs of execution issued in this matter, and that any and all such writs may be executed in good course and without delay.

¶16     The Court being fully satisfied in the premises, it is hereby

        **ORDERED** that Defendant's Motion to Set Aside Default Judgment is **DENIED**; and it is further

        **ORDERED** that copies of this Order shall be directed to the parties herein and to the Office of the Territorial Marshal.

Dated: October 13, 2021

_____
**HENRY V. CARR, III**
**Senior Sitting Magistrate Judge**
**Superior Court of the Virgin Islands**
**S. Ct. Misc. No. 2021-0020**

ATTEST:
**TAMARA CHARLES**
**Clerk of the Court**

By:_____
        **COLLEEN SALEM**
        Senior Deputy Clerk 10 / 13 /2021